**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-7697**

———————

UNITED STATES OF AMERICA,

             Petitioner - Appellee,

      v.

STANLEY CARL BURKHARDT,

             Respondent - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Bernard A. Friedman, Senior District Judge, sitting by designation.  (5:07-hc-02125-D-JG)

———————

Submitted:  June 29, 2012                    Decided:  July 12, 2012

———————

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Suzanne Little, Assistant Federal Public Defenders, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Michael G. James, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Carl Burkhardt appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248(a) (2006). We have reviewed the record and affirm.

Burkhardt makes only two arguments on appeal. First, he asserts that the civil commitment statute, 18 U.S.C. § 4248, is actually a criminal statute, though it is nominally civil, and that it violates equal protection principles because it applies only to persons held in federal custody. As Burkhardt recognizes, however, these lines of argument are entirely foreclosed by our decision in United States v. Timms, 664 F.3d 436, 444-49, 455-56 (4th Cir. 2012) (ruling that § 4248 does not violate equal protection guarantees and is not a criminal statute).

Second, Burkhardt contends that the district court erred in permitting the Government to introduce the testimony of one of Burkhardt's previous victims, given the Government's failure to apprise Burkhardt prior to the hearing that the victim was available to testify. The district court's decision to permit the testimony of a witness not included on a party's pretrial witness list is reviewed for abuse of discretion. United States v. Fulks, 454 F.3d 410, 421 (4th Cir. 2006). Moreover, even where a district court abuses its discretion, its

2

evidentiary decisions are reviewed for harmless error.  Fed. R. Civ. P. 61; United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010).  In order to find a district court's error harmless, this court need only be able to say "with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error."  Kotteakos v. United States, 328 U.S. 750, 765 (1946).

Although the Government's failure to disclose the victim on its pretrial witness list is indeed a matter of concern, we nevertheless conclude upon a review of the record that the admission of the victim's testimony was at worst harmless error.  Not only was the victim's testimony of minimal importance to the ultimate issue in the hearing, given the stipulations entered into by the parties, but Burkhardt also failed to take advantage of the opportunity given him by the district court to delay the hearing in order to remediate any disadvantage occasioned by the Government's eleventh-hour disclosure.  See Southern States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003).  To the extent that Burkhardt contends that the district court's conduct violated his due process right to confront adverse witnesses in his civil commitment hearing, we conclude that any such error was likewise harmless.  See Chapman v. California, 386 U.S. 18,

3

24 (1967); <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>