**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6911**

UNITED STATES OF AMERICA,

                    Petitioner – Appellee,

          v.

KEVIN LOU ENGLISH,

                    Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever, III, Chief District Judge.  (5:07-hc-02187-D-JG)

Submitted:  April 29, 2013              Decided:  May 2, 2013

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lawrence H. Brenner, BRENNER & BRENNER, P.A., Carrboro, North Carolina, for Appellant.   Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Joshua B. Royster, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Lou English appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248(a) (2006). We have reviewed the record and affirm.

English argues on appeal that the district court abused its discretion in allowing a prior victim to testify as an impeachment witness to contradict his testimony where the Government was not allowed to call that witness as a fact witness because she was not timely disclosed to English. English contends that this violated his due process rights to cross-examine witnesses against him and to effective representation. In addition, English argues that this error was not harmless based on the other evidence presented at the commitment hearing.

We review a district court's decision regarding whether a witness should be allowed to testify for abuse of discretion. See United States v. Fulks, 454 F.3d 410, 413 (4th Cir. 2006). Moreover, "[e]videntiary rulings are subject to harmless error review." United States v. Johnson, 617 F.3d 286, 292 (4th Cir. 2010) (citations omitted). "[I]n order to find a district court's error harmless, we need only be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment

2

was not substantially swayed by the error." Id. (internal quotation marks and citations omitted).

We have thoroughly reviewed the record and the relevant legal authorities and conclude that the district court did not abuse its discretion in admitting the witness' impeachment testimony regarding extrinsic evidence for purposes of contradicting English's testimony. See Fed. R. Evid. 607, 608(b) & advisory committee note to 2003 amendments (Rule 608(b)'s application is limited to impeachment of a witness' character for truthfulness and therefore does not apply to extrinsic evidence offered for other grounds of impeachment such as contradiction). Here, the witness' testimony did not concern prior inconsistent statements otherwise inadmissible as hearsay. Cf. United States v. Morlang, 531 F.2d 183 (4th Cir. 1975) (impeachment testimony may not be used as a guise to admit otherwise inadmissible evidence such as prior inconsistent statements, which are inadmissible hearsay). We further conclude that admission of this witness' testimony did not violate English' due process rights. See United States v. Burkhardt, 484 F. App'x 801 (4th Cir. 2012) (unpublished). Finally, as we conclude that the district court did not commit error, we need not address whether any error was harmful.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED